# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**DEDRICK B. SALLIS,**

  Plaintiff,

  v.            Case No. 18-CV-1179

**LIEUTENANT HIEDEMANN,
C.O. YOUNG, C.O. LUNDE,
C.O. MOUNGEY, AND
DONNA LARSON,**

  Defendants.

## ORDER

  Dedrick B. Sallis is proceeding under 42 U.S.C. § 1983 against the defendants on a claim that they were each deliberately indifferent to his medical needs when he injured his head. The defendants filed a motion asking the court to compel Sallis to sign a medical authorization. (ECF No. 25.) A few weeks before, Sallis filed a motion asking the court to conduct an *in camera* review of the medical records the defendants requested. (ECF No. 23.) The court will grant the defendants' motion and deny Sallis's motion as moot. The court also addresses the defendants' motion to stay the dispositive motion deadline (ECF No. 27) and amends the scheduling order to accommodate the need for additional discovery.

  *1. Motion to Compel*

  The defendants filed a motion asking the court to compel Sallis to sign a medical authorization for release of his health and psychological services records for

the period January 1, 2011, to the present. Both parties have represented that they have conferred in an attempt to resolve the dispute. *See* Fed. R. Civ. P. 37(a). Under Federal Rule of Civil Procedure 26(b)(1), parties are permitted to obtain discovery "regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action[.]" Although a plaintiff may have a constitutional interest in protecting the confidentiality of his medical records, such an interest is waived when he files suit against defendants alleging claims regarding his medical care. *Ammons v. Gerlinger*, No. 06-C-20-C, 2007 WL 5659413, at *2 (W.D. Wis. Mar. 12, 2007). Further, "there is no federal common law physician-patient privilege." *Id*. Also, under Wisconsin state law, that privilege is waived if in any proceeding the "patient relies upon [his medical] condition as an element of the patient's claim or defense." Wis. Stat. § 905.04(4)(c).

As noted above, Sallis claims that the defendants did not provide him with appropriate medical care. Sallis alleges that he stopped eating on October 24, 2012, due to severe depression. (ECF No. 1, ¶ 7.) He has a history of bipolar disorder and schizoaffective traits. (*Id.*) On November 9, 2012, Sallis passed out during canteen pass and hit his head on his cell door, causing him to bleed and lose consciousness. (*Id.*, ¶¶ 8–12.) He claims that the defendants failed to provide him proper medical care after he sustained his injuries. (*Id.*, ¶¶ 13–17.) Sallis has confirmed that he intends to pursue a claim for damages for ongoing suffering as a result of his head injury. (ECF No. 26-4.)

2

Given the nature of his claims, the defendants' request for authorization, which *excludes* any records related to alcohol and/or drug treatment, HIV and/or AIDS test results, intervention program records, and Division of Juvenile Corrections records, seeks information relevant to this lawsuit. The timeframe—January 1, 2011 to the present—is appropriate given that Sallis alleges a history of mental illness and states that he intends to pursue damages for suffering he continues to endure. The court will grant the defendants' motion to compel. Sallis has until **June 13, 2019,** to sign and return the medical authorization to the defendants. If he fails to do so, he may be subject to sanctions, including having this lawsuit dismissed with prejudice. Sallis may seek a protective order if he believes one is necessary.

2. *Motion for In Camera Review*

A few weeks before the defendants filed their motion to compel, Sallis filed a motion asking the court to conduct an *in camera* review of his medical records to determine what was relevant. He took issue with the scope of the defendants' request (January 1, 2011, to the present) and the fact the defendants' request included HIV and AIDS test results and drug and alcohol treatment. Since then, the defendants have removed their request for records relating to HIV/AIDS test results and drug and alcohol treatment. The court has already found that the timeframe for the authorization is appropriate and that the medical and psychological services records that the defendants seek are relevant and discoverable. Sallis's motion is therefore moot.

*3. Motion to Stay Dispositive Motion Deadline*

The defendants have asked the court to stay the dispositive motion deadline pending ruling on their motion to compel. Rather than stay the deadline, the court will extend the discovery deadline to **July 15, 2019,** and extend the dispositive motion deadline to **August 16, 2019**. The defendants' motion is denied as moot.

**NOW, THEREFORE, IT IS HEREBY ORDERED** that the defendants' motion to compel (ECF No. 25) is **GRANTED**. Sallis has until **June 13, 2019,** to sign and return the medical authorization. Failure to do so may subject him to sanctions, including having this lawsuit dismissed with prejudice.

**IT IS ALSO ORDERED** that Sallis's motion for *in camera* review (ECF No. 23) is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that the defendants' motion to stay the dispositive motion deadline (ECF No. 27) is **DENIED AS MOOT**. Discovery is reopened and will close on **July 15, 2019**. Dispositive motions are due by **August 16, 2019**.

Dated at Milwaukee, Wisconsin this 23rd day of May, 2019.

WILLIAM E. DUFFIN
U.S. Magistrate Judge